J-S51031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL RUSSELL, | |
| Appellant | No. 400 EDA 2016 |

Appeal from the PCRA Order January 14, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0611781-1991

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 10, 2016**

Appellant, Paul Russell, appeals, *pro se*, from the order of January 14, 2016, denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.

On July 23, 1992, a jury convicted Appellant of murder in the first degree and possession of an instrument of crime (PIC). On June 27, 1995, the trial court sentenced Appellant to a term of incarceration of life.[1] On

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court also imposed a concurrent sentence of not less than one nor more than two years' imprisonment on the PIC conviction.

October 28, 1996, this Court affirmed the judgment of sentence. (*See Commonwealth v. Russell*, No. 2647 Philadelphia 1995, unpublished memorandum (Pa. Super. filed Oct. 28, 1996)). Appellant did not seek leave to appeal the Pennsylvania Supreme Court.

On October 17, 1997, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who filed an amended petition on July 28, 1998. On October 6, 1999, the PCRA court dismissed the petition. On August 29, 2000, this Court affirmed the dismissal on appeal. (*See Commonwealth v. Russell*, 764 A.2d 1128 (Pa. Super. 2000)). On May 14, 2001, the Pennsylvania Supreme Court denied leave to appeal. (*See Commonwealth v. Russell*, 781 A.2d 143 (Pa. 2001)).

On April 13, 2015, Appellant filed the instant, *pro se*, second PCRA petition. On August 25, 2015, the PCRA court filed a Rule 907 notice of its intention to dismiss Appellant's PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant did not file a response. On January 14, 2016, the PCRA court dismissed Appellant's second PCRA petition. Appellant timely appealed.[2]

On appeal, Appellant raises five questions for this Court's review. All of Appellant's claims concern alleged ineffective assistance of counsel and

---

[2] Appellant was not ordered to file a concise statement of errors raised on appeal. *See* Pa.R.A.P. 1925(b). The PCRA court did not file any additional opinions. *See* Pa.R.A.P. 1925(a).

are identical to those raised in his first PCRA petition. (***See*** Appellant's Brief, at 4; ***Commonwealth v. Russell***, No. 3073 EDA 1999, unpublished memorandum, at \*\*2-3 (Pa. Super. filed Aug. 29, 2000)).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his second PCRA petition on August 13, 2015. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on November 27, 1996, thirty days after this Court affirmed the judgment of sentence and Appellant failed to seek leave to appeal to the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year, until November 27, 1997, to file a timely PCRA petition. Because Appellant did not file his current petition until August 13, 2015, the petition is facially untimely.

Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA.  *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

>       (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>       (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>       (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).   Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented."  *Id.* at § 9545(b)(2).  The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies.  *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant has not invoked any of the statutory exceptions. (*See* Appellant's Brief, at 7-21).  While he argued in the PCRA court that his petition fell under the third exception of Section 9545(b)(1), (*see* Appellant's Petition for Post[-]Conviction Relief, 4/13/15, at unnumbered

page 1; PCRA Court Opinion, 1/14/16, at unnumbered pages 2-4); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(iii) (providing relief where appellant proves newly-recognized constitutional right), he has abandoned that claim on appeal. (***See*** Appellant's Brief, at 7-21). Since Appellant's petition is untimely with no statutory exception to the time-bar pleaded and proven, the PCRA court was without jurisdiction to address the merits of Appellant's claims.

Accordingly, because Appellant failed to plead and prove that his petition falls within one of the enumerated exceptions to the PCRA time-bar, it is untimely. We are without jurisdiction to consider the merits of his appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2016